George F. X. McInerney, J.
The State of New York complains that the defendants are constructing a driveway through wetlands ¡between Moriches Bay and Dune Road, Westhampton, Suffolk County, in violation of ECL 25-0202 which prohibits the altering of any tidal wetlands in the State without first obtaining a permit from the Department of Environmental .Conservation.
The State alleges in paragraph 1 of its complaint that: “ The State of New York is a body politic and a sovereign entity and brings this action on behalf of itself and, as parens patriae, trustee, guardian and representative, on behalf of all residents and citizens of New York ¡State.”
The defendants in their answer deny each and every allegation contained in that paragraph.
This startling denial by the defendants must demonstrate either a deplorable carelessness or an equally deplorable unwillingness to conscientiously attempt to achieve the primary goal of modern pleading. To interpose denials as a matter of routine rather than substance is retrogression and in such an absurd *1005 instance may raise the question of1 the good faith of the defendants, especially when the same defendants in their fifth .affirmatory defense allege: “19. That plaintiff as a sovereign entity possesses the power of eminent domain”.
The defendants in addition to a general denial allege as their first affirmative ¡defense that ECL 25-0202 does not apply to Long Island waters and thus the State has no jurisdiction to control their construction.
ECL 25-0202 reads in pertinent part as follows: “1. No person shall alter the state of any tidal wetland * * * prior to the effective date of the land-use regulations adopted by the commissioner pursuant to this act, unless a permit for such alteration shall have been obtained pursuant to section 15-0505 of the environmental conservation law.”
The statute was obviously intended as a moratorium on wetland development and is so entitled.
ECL 15-0505 provides that no person without a permit shall fill in marshes or tidal marshes that are adjacent to and contiguous at any point to navigable waters as defined by subdivision 4 of section ,2 of the Navigation Law.
.Subdivision 4 of section .2: of the Navigation Law defines navigable waters as all ‘ ‘ waters within the boundaries of the state * * * except all tidewaters bordering on or lying within the boundaries of Nassau ¡and Suffolk counties.” Defendants maintain that by this definition the premises in question are not included under ECL 25-0202. This reasoning is untenable.
ECL 15-0505 became effective in September of 1972, and had its source in section 429-b of the Conservation Law as added by section 7 of chapter 955 of the Laws of 1965, effective January 1, 1966. 'By statutory definition the instant premises were not affected since the statute applied only to navigable waters as defined by subdivision '4 ¡of 'section 2 of the Navigation Law. A study of the changes made in the terms of this section from its beginning to date shows that the south side of Long Island was never considered to touch navigable waters of the State.
Thus, in the absence of some ¡other statute there is found no prohibition against filling in wetlands in this area. This omission was remedied by the passage of ECL 25-0202 which was enacted by ¡section 5 of chapter 790 of the Laws of 1973, effective September 1, 1973 a year later than ECL 15-0505. It was of far greater comprehension than earlier efforts to conserve the marine ¡assets of the State and a reading of subsection 1 will demonstrate this. It specifically covers all tidal wetlands and lands immediately adjacent to them which the eommis *1006 sioner deems necessary to preserve prior to the effective date of land-use regulations to be adopted by the commissioner. Ostensibly being aware of the earlier' mechanism of ECL 15-0505, the Legislature added ;an escape clause allowing continued development where the landowner had already secured a permit from the Conservation Department. In short, where the proposed alteration had already been examined by the department and had met the standard imposed by ECL 15-0505 (subd. 3), there would be no reason to have ECL 25-0202 apply.'
Defendants argue that since they did not need a permit under ECL 15-0505 this is tantamount 'to one having been issued and that therefore they are not barred by ECL 25-0202. The argument although ingenious is sophistical. Taking it at its face value, the statute ¡(ECL 25-0202) says if one has a permit under ECL 15-0505, one may alter the marsh. Defendants do not have a permit and therefore ECL .25-0202 controls.
The apparently anomalous fact that defendants cannot have a permit under ECL 15-0505 because their land is not covered by its provisions becomes not so analogous when the rest of ECL 25-0505 is considered. Subdivision 2 itself provides for a hearing before the commissioner upon allegations of hardship within 30 days from receipt of the application, Notice is to be published in at least two newspapers. The petitioner may then seek judicial review of the commission’s action.
Defendants are correct in alleging that ECL 15-0505 does not apply to wetlands in Suffolk County; ECL 25-0202 does.
In the second affirmative defense defendants allege that Southampton Town is not subject to the general controls of the State over its wetlands because of its early patents. While the State may never have owned the lands under water in Southampton (as it did in Islip and some other towns) its general regulatory powers.apply to all lands within the county whether proprietary or not.
The third affirmative defense is that the State is not a proper party. The court holds that it is.
The fourth affirmative defense is that ECL 25-0202 is unconstitutional as confiscatory. If this is so, it would seem the defendants must first avail themselves of the procedures set forth in the statute (ECL 25-0202).
The fifth affirmative defense is that the plaintiff “as a sovereign entity possesses the power of eminent domain ’ ’ and can condemn the property. This allegation is ruled to be irrelevant.
The sixth affirmative defense is that the complaint fails to state a cause of action. The court holds it does.